NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LILAC DEVELOPMENT GROUP, LLC, | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 15-7547 (WHW)(CLW) |
| HESS CORPORATION, and SPEEDWAY, LLC, | |
| Defendants. | |

**Walls, Senior District Judge**

Plaintiff moves to dismiss Defendants' counterclaim, which seeks a declaratory judgment setting forth the rights of the parties under a disputed contract. Decided without oral argument under Federal Rule of Civil Procedure 78, Plaintiff's motion is granted because Defendants' counterclaim is subsumed by Plaintiff's original claim for breach of contract.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Lilac Development Group, a New Jersey company, brought this suit in New Jersey state court against Defendants Hess Corporation and Speedway LLC. *See* Compl. ECF No. 1-2. On October 16, 2015, Defendants removed the action to this Court, invoking diversity jurisdiction by alleging that Speedway is a Delaware Corporation with its principal place of business in Ohio and Hess is a Delaware Corporation with its principal place of business in New York. Not. of Removal, ECF No. 1 ¶¶ 8-9. Defendants assert that the amount in controversy is $4,000,000. *Id.* ¶ 11.

1

Lilac claims that it entered into a lease agreement with Hess on October 31, 2013 concerning property on which Hess agreed to build a gasoline station and convenience store. Compl. ¶ 13. Under Paragraph 6(a) of the Lease Agreement, Hess agreed to apply for approval to build the planned store. *Id.* ¶ 15, Ex. B § 6(a). Under Paragraph 6(b), Hess could terminate the Lease if it failed to obtain the necessary government approvals within 18 months of the signing of the agreement, as long as it had complied with its obligations under 6(a). *Id.* ¶¶ 16-17, Ex. B § 6(b). It could also terminate the lease if it determined that the approvals would be too expensive to obtain or the costs to develop the station and store would be materially higher than anticipated. *Id.* Under Paragraph 7, Hess had ninety days to conduct the required inspections to determine if the property was suitable for development. *Id.* ¶ 18, Ex. B § 7. If the property was determined to be unsuitable, Hess could terminate the lease during that ninety day period. *Id.* ¶ 19, Ex. B § 7. The parties later amended the lease to extend that period until February 28, 2014. *Id.* ¶ 20. Hess was to pay Lilac $4,000,000 in rent over the course of the twenty year lease. *Id.* ¶ 23.

On March 7, 2014, the City of Newark Planning Office informed Hess that restrictions on the property's deed prohibited the construction of a gasoline station. *Id.* ¶ 27. Lilac and Hess then "participated in several meetings with the City of Newark to resolve the Property's deed restriction." *Id.* ¶ 31. On September 30, 2014, Speedway acquired Hess's gasoline stations and convenience stores, and Hess assigned the Lilac lease to Speedway. *Id.* ¶¶ 32-33. The City of Newark passed a resolution authorizing construction on the property on December 3, 2014. *Id.* ¶ 34. Hess then reapplied for approval to build a station and a 1,660 square foot store. *Id.* ¶¶ 35-36. A hearing was scheduled on the application for March 7, 2015, but Hess adjourned its application before the hearing was to take place. *Id.* ¶¶ 37, 41-2. On April 20, 2015, Speedway

notified Lilac that it would terminate the lease agreement because the property could not accommodate a 3,900 square foot Speedway station and store. *Id.* ¶¶ 43-44.

Lilac claims that Defendants violated their agreement in two ways. It claims that the obligation to prosecute any necessary applications for government approval was violated by Defendants' cancellation of the scheduled March 7 meeting with the Planning Board and their failure to reschedule. *Id.* ¶¶ 47-48. It also claims that Hess breached its obligations by applying for approval to build a 1,660 foot store and then seeking to build a larger 3,900 square foot store. *Id.* ¶ 49. Lilac brings one count for breach of contract, one count for breach of the duty of good faith and fair dealing, and one count of promissory estoppel. *Id.* ¶¶ 57-69.

Defendants filed an answer on November 25, 2015, bringing one counterclaim against Lilac. ECF No. 7. The counterclaim seeks a declaratory judgment that Speedway and Hess "properly terminated the Lease Agreement pursuant to paragraph 6" and that they are not liable to Lilac for any damages caused by the termination. *Id.* ¶¶ 31-36. Lilac moved to dismiss the counterclaim on December 30, 2015. ECF No. 10. It argues that the counterclaim is redundant with Lilac's breach of contract claim, that the asserted harms have already occurred, and that Defendants failed to specify whether they seek declaratory relief under federal or state law. Mot. to Dismiss, ECF No. 10 at 2.

## STANDARD OF REVIEW

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), allows a court to enter a declaratory judgment by providing that, in "a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." The Act serves to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir. 1974). A declaratory judgment is appropriate where a "determination of legal obligations would . . . strongly affect present behavior, have present consequences, and resolve a present dispute." *ACandS, Inc. v. Aetna Cas. and Sur. Co.*, 666 F.2d 819, 823 (3d Cir. 1981). The "phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Before deciding a declaratory judgment case, a court must ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127 (quoting *Maryland Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

## DISCUSSION

### 1. The federal Declaratory Judgment Act applies.

Lilac initially argues that Defendants' counterclaim should be dismissed because they "have failed to specify whether their counterclaim was made pursuant to the New Jersey

Declaratory Judgment Act or the federal Declaratory Judgment Act." Mot. to Dismiss at 16-17 (internal citations omitted).

The "operation of the [federal] Declaratory Judgment Act [is] only procedural, leaving substantive rights unchanged." *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014) (internal quotations and citations omitted). Even if Defendants had referenced New Jersey's declaratory judgment law, the *Erie* doctrine would mandate that this Court apply the federal Declaratory Judgment Act. *See Jones v. Sears Roebuck and Co.*, 301 F. App'x 276, 281 n. 12 (4th Cir. 2008); *Haagen-Dazs Shoppe Co. v. Born*, 897 F. Supp. 122, 126 n. 2 (S.D.N.Y. 1995) (Because the "standards governing the granting of declaratory relief in federal court" are procedural, federal courts apply "the Declaratory Judgment Act rather than referencing state declaratory judgment law," in diversity cases). The federal Declaratory Judgment Act necessarily governs this Court's determination of Defendants' counterclaim, and their failure to mention the governing statute by name does not create ambiguity or affect their right to relief. *See Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1186 n. 5 (3d Cir. 1994) ("[A]n inadvertent mistake in a pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." (quoting 5 Wright & Miller, Fed. Practice and Procedure § 1286)).

### 2. Defendants' counterclaim is subsumed by Plaintiff's breach of contract claim.

Lilac next asserts that Defendants' counterclaim is redundant with its breach of contract claim because "the adjudication of Plaintiff's claim for breach of contract would necessarily resolve Defendants' counterclaim for declaratory relief." Mot. to Dismiss at 16. Lilac further argues that hearing Defendants' counterclaim would not serve the purposes of the Declaratory Judgment Act. ECF No. 14 at 9. It notes that the "parties have reached a stage where rights under

a disputed contract have been breached." Mot. to Dismiss at 17. According to Lilac, "Defendants are not suffering under the threat of nascent or even impending litigation, but rather are 'already obliged to defend against' Lilac's present suit." *Id.* at 23. The Court agrees.

Courts may dismiss counterclaims requesting declaratory judgment where they are redundant with the original claim. When "a request for declaratory relief raises issues already presented in the complaint and answer, a counterclaim may be stricken as redundant since a resolution of the original claim will render the request for a declaratory judgment moot." *ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 556 (D.N.J. 2009) (quotations omitted); *see also Kieran v. Johnson-March Corp.*, 7 F.R.D. 128, 131 (E.D.N.Y. 1945) ("[I]n a litigation which is bound to result in one of two ways, and where either result will set the matter at rest forever, then defendant, under the guise of invoking the declaratory judgment statute, should not be permitted to say in substance that he wants a judgment in his favor, and no more."); 6 Wright & Miller, Fed. Practice and Procedure § 1406 ("When [a declaratory judgment counterclaim raises] issues that already have been presented in plaintiff's complaint . . . a party might challenge the counterclaim on the ground that it is redundant and the court should exercise its discretion to dismiss it.").

Despite this general rule, when "the declaratory relief is based on contract interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near 'mirror image' of the complaint," because, under some circumstances, a ruling on the merits of a plaintiff's action might not establish "that defendants' interpretation of the contract was the correct one." *ProCentury*, 652 F. Supp. 2d at 556-57. In such a case, the "safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief [on redundancy grounds] unless there is no doubt that it will be rendered moot by the adjudication of

the main action." Wright, Fed. Practice and Procedure § 1406. But these concerns are only relevant in an action where the counterclaim presents issues that are separate from the main claim. As example, in *ProCentury* one party asked for a declaration that they "properly rescinded [an insurance] policy," while the other party asked for a declaration "that payment [was] due under the policy." *ProCentury*, 652 F. Supp. 2d at 557. Whether the policy had been properly rescinded was a separate question from whether a payment was due under the policy, meaning the claims were not truly redundant. *Id.*

In this case, the Court finds that Defendants' declaratory judgment would be subsumed by the original breach of contract claim. Defendants admit in their answer to the breach of contract claim that they "terminat[ed] the lease agreement pursuant to, *inter alia*, paragraph 6 of the Lease Agreement" on April 20, 2015, and they assert that "the Lease Agreement was properly terminated." ECF No. 7 ¶¶ 43, 56. Plaintiff does not combat the termination of the agreement, noting that Defendants have "vacated the Subject Property, and are no longer Lilac's tenant." ECF No. 14 at 9. Plaintiff seeks only damages and has not requested specific performance or argued that the contract is still in effect. ECF No. 1-2 ¶¶ 57-69. Defendants are not being forced to wait "until [their] adversary should see fit to begin suit, after damage has accrued," *Travelers Ins. Co.*, 490 F.2d at 543, nor is the current status of the contract disputed. Their adversaries have already filed suit, the alleged damages have already accrued, and a declaratory judgment in addition to a ruling on the breach of contract claim will not "strongly affect present behavior, have present consequences, [or] resolve a present dispute." *ACandS, Inc.*, 666 F.2d at 823.

In such a situation, the Eastern District of Virginia has explained that "when a breach of contract has already occurred and damages have already accrued, there is no guidance that can be

offered via a declaratory judgment to steer conduct away from a breach of contract." *Hanback v. DRHI, Inc.*, 94 F. Supp. 3d 753, 758 (E.D. Va. 2015) (internal quotations omitted), *appeal docketed*, No 15-1434 (4th Cir.). Although "a court has [p]ower to grant declaratory relief when another adequate remedy is available, . . . it may, in the exercise of its discretion, decline to do so." *Beacon Const. Co. v. Matco Elec. Co.*, 521 F.2d 392, 398 (2d Cir. 1975) (quotations and citation omitted). This Court exercises its discretion to decline to hear Defendants' counterclaim, finding that that claim will be resolved by Plaintiff's action for breach of contract.

## CONCLUSION

For the reasons discussed, Plaintiff's motion to dismiss Defendants' counterclaim is granted. An appropriate order follows.

Date: June 7, 2016

Hon. William H. Walls
United States Senior District Judge