**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LILAC DEVELOPMENT GROUP, LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>HESS CORPORATION AND SPEEDWAY<br>LLC,<br><br>              Defendants. | Civil Action No. 2:15-cv-07547 (WHW)(CLW)<br><br><u>**OPINION & ORDER**</u> |

**THIS MATTER** comes before the Court upon motion by Defendants Hess Corporation

("Hess") and Speedway LLC ("Speedway") (or collectively as "Defendants"), seeking a protective

order modifying the scope of the subpoena Plaintiff, Lilac Development Group LLC ("Lilac"),

served upon a non-party Cushman & Wakefield.  The Court declined to hear oral argument

pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below,

the Court denies Defendants' motion.

On September 10, 2015, Plaintiff filed suit against Defendants in the Superior Court of

New Jersey, Essex County for Breach of Contract, Breach of Good Faith and Fair Dealing, and

Promissory Estoppel based on the Defendant, Speedway's, alleged improper termination of a

commercial lease agreement.  (Complaint, ¶¶ 57-69, ECF No. 18-7).  Lilac, as lessor, and Hess as

lessee, entered into a lease agreement on October 31, 2013 through which Lilac leased to Hess a

certain tract of land in Newark, New Jersey to build a retail convenience store and gasoline station.

Hess subsequently assigned the lease to Speedway.  Prior to contracting with Lilac, Hess used the

services of commercial real estate broker Cushman & Wakefield ("Cushman") to locate the

property.  Upon request of the Defendants the case was removed on October 16, 2015 to the United

States District Court for the District of New Jersey, Newark Division for diversity jurisdiction, pursuant to 28 U.S.C. §1441(a).

The Defendants filed the instant motion (ECF No. 18) on February 5, 2016 pursuant to Rule 26(c) of the Federal Rules of Civil Procedure "request[ing] that the Court modify the Subpoena served upon Cushman & Wakefield by striking the prejudicial categories #5-10 and #12." (Defendants', Hess Corporation and Speedway LLC, Brief in Support of their Motion for a Protective Order ("Brief"), at 13). Defendants assert that Plaintiff's request for Cushman's files and communication concerning the work it did for Hess and Speedway to find site locations is irrelevant and overly broad. *Id*. In its Reply Brief from March 16, 2016 (ECF No. 22), they argue that Speedway terminated the lease agreement and thus whether "Hess built or builds a standard size store is completely irrelevant." (Reply to Lilac's Opposition to Defendant's Motion ("Reply"), at 2). Defendants stress the sensitive nature of the information Hess was providing to Cushman and the irrelevancy of records for properties other than the Subject Property. (Reply, at 5).

On March 7, 2016, Plaintiff filed its Brief in Opposition to Defendants' Hess Corporation and Speedway, LLC, Motion for a Protective Order (henceforth "Opp. Brief") (ECF No. 19). Plaintiff argues that the documents and communications requested from Cushman are discoverable because the Defendants have "placed the existence of "standard" sized stores into issue." (Opp. Brief, at 14). According to Plaintiff, the requested documents are relevant to determine the veracity of Defendants' claim that Speedway terminated the Agreement because it "could not obtain the Governmental Authorizations required to construct Speedway's standard 3,900 square foot convenience store and fuel dispensing station." (Opp. Brief, at 14). Plaintiff points out that the "Defendants have not advanced any evidence . . . to support the conclusion that the documents

sought by the Subpoena are privileged, confidential or otherwise protected from disclosure." (Opp. Brief, at 18). Further, Plaintiff suggests that Defendants have not submitted any affidavits or evidence to demonstrate the undue burden the requests would place on Cushman. And to date, Cushman appears to have complied with the non-controversial subpoena requests with ease and efficiency.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Relevant evidence does not need to be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *DIRECTV, Inc. v. Richards*, 2005 WL 1514187, at *3 (D.N.J. June 27, 2005). The relevancy requirement has historically been construed broadly to allow all parties to know all relevant facts. *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). "[W]hile undeniably broad, there are limits to the permissible scope of discovery . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Aetrex Worldwide, Inc. v. Burten Distribution, Inc.*, No. CIV.A. 13-1140 SRC, 2014 WL 7073466, at *2 (D.N.J. Dec. 15, 2014) (citing *United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (3d Cir.1978) (internal quotations omitted)).

However, "a party lacks standing under Federal Rules of Civil Procedure Rule 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y. March 26, 2004); *In re Cree Inc. Securities Litigation,* 220 F.R.D. 443 (M.D.N.C. March 31, 2004). Under Rule 26(c) a party can seek a protective order for a third-party subpoena where the discovery sought is irrelevant. *US EEOC v. United Galaxy*, No. CIV.A. 10-4987 ES, 2011 WL 4072039, at *2 (D.N.J. Sept. 13, 2011). "The burden is upon the

movant to show the necessity of [a protective order's] issuance." *Aetrex Worldwide, Inc.*, 2014 WL 7073466, at *2 (D.N.J. Dec. 15, 2014).  And, "[e]ven if a defendant has standing generally to quash a subpoena, he still lacks standing to challenge a third-party subpoena based on undue burden because it is the third-party that faces the burden of production and not the defendant." *CDK Glob., LLC v. Tulley Auto. Grp., Inc.*, No. 15-3103 (KM) (JBC), 2016 WL 1718100, at *9 (D.N.J. Apr. 29, 2016).

The subpoena and specific requests in question are aimed at determining "whether Hess and/or Speedway were building its stores on similarly sized properties." (Brief, at 14).  Defendants place much weight on the idea that "Hess' property specifications no longer were determinative in connection with Speedway's decision to terminate the Lease Agreement." *Id*.  Yet, Defendants necessarily put Hess and Speedway's property specifications at issue in the April 20, 2015 letter to Lilac terminating the Agreement.  In that letter, Speedway indicated that it was terminating the Agreement because it could not construct its standard size convenience store and fuel station and because there would not be an adequate return on the investment.  The extent to which those are valid grounds for terminating the lease pursuant to Paragraph 6(b) of the Agreement and which entity had the authority to terminate the Agreement are not questions before the Court today.  Defendants have made an issue out of what is considered the "standard size" plot of land.  These inquiries naturally implicate efforts Cushman took in securing this or other potential plots of land for Hess and Speedway.

In light of the relevancy of the subpoenaed documents and the case law in favor of allowing liberal discovery the Court denies the Motion for a Protective Order with respect to Categories #5 - #10 and #12 of the subpoena.

Defendants do raise a concern with respect to Category #12 requesting all documentation "relating to, evidence or concerning the above-captioned litigation between Lilac and Defendants." The Court notes that this request may require "representatives from Cushman to read a lengthy and unfamiliar complaint." (Brief, at 12). But Defendants do not have standing to move for a protective order for a third-party based on the burden that subpoena will place on the third-party. Even if they did have standing, Defendants failed to submit affidavits or evidence to demonstrate the burden Cushman faces as a result of this subpoena.

**ACCORDINGLY, IT IS** on this 20th day of June, 2016,

**ORDERED** that Defendant Hess Corporation and Speedway, LLC's motion for a protective order is **DENIED**; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 18.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**